UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**THERESA GENTILE,**

      **Plaintiff,**

v.                                                             **Case No:   6:13-cv-1200-Orl-GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION

Theresa Gentile (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for supplemental security income benefits. Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) determining she did not meet the listing for cerebral palsy; 2) finding her employment as a telephone solicitor constituted past relevant work; and 3) finding her testimony concerning her pain and limitations not credible. Doc. No. 29 at 7-15. For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

**I.    STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th

Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (the court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

**II.   ANALYSIS.**

  **A.  Listing 11.07D.**

Claimant argues that the ALJ failed to provide an adequate explanation as to why she does not meet the listing for cerebral palsy located in 20 C.F.R. Part 404, subpart P, Appendix 1 § 11.07D ("Listing 11.07D"). Doc. No. 29 at 9-10. Based on the evidence of record, particularly the treatment notes of Dr. David Osteen and examination report of Dr. David Haddock, Claimant maintains that "it appears" that she meets or equals Listing 11.07(D). *Id*. Conversely, the Commissioner argues that the ALJ's implicit finding that Claimant does not meet Listing 11.07D

is appropriate and supported by substantial evidence, as there was nothing in the record indicating that she had disorganization of motor function in two of her extremities. Doc. No. 30 at 5-10.

At step three of the sequential evaluation process, the ALJ must consider whether a claimant's impairments, individually or in combination, meet or equal any of the impairments contained in the Listing of Impairments (the "Listings"). The Listings identify impairments which are considered severe enough to prevent a person from engaging in gainful activity. 20 C.F.R. § 404.1525(a). By meeting a listed impairment or otherwise establishing an equivalence, a claimant is presumptively determined to be disabled regardless of his or her age, education, or work experience. *Id.* Thus, an ALJ's sequential evaluation of a claim ends if the claimant can establish the existence of a listed impairment. *Edwards v. Heckler*, 736 F.2d 625, 628 (11th Cir. 1984).

If the claimant contends that the impairment meets a listed impairment, the claimant bears the burden of "present[ing] specific medical findings that meet the various tests listed under the description of the applicable impairment[.]" *Wilkinson ex rel. Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987). In doing so, the claimant must have a diagnosed condition that is included in the Listings. *Id.* Diagnosis of a listed impairment, however, is not enough, as the claimant must also provide objective medical reports documenting that his or her impairment meets the specific criteria of the applicable listing. *Id.*; *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002). Further, "[a]n impairment that manifests only some of [the specific] criteria [of the applicable impairment], no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

In order to meet or medically equal Listing 11.07D, Claimant must demonstrate the she has "[d]isorganization of motor function as described in 11.04B." 20 C.F.R. Part 404, subpart P,

Appendix 1 § 11.07D. Listing 11.04B provides: "Significant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station[.]" *Id.* at § 11.04B.

At step two of the sequential evaluation process, the ALJ found that Claimant suffers from several severe impairments, including, but not limited to, history of infantile cerebral palsy. R. 23. At step three of the sequential evaluation process, the ALJ found that "claimant's impairments, although severe, do not rise to the level of the listed impairments." *Id.* In the Eleventh Circuit, there is no requirement that the ALJ "mechanically recite the evidence" when determining whether a claimant's impairments meet any of the listings. *Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986) (holding that the ALJ could implicitly find that the claimant did not meet a listing); *see also Wilson*, 284 F.3d at 1224-25 (holding that the ALJ's statement that "the medical evidence establishes that [Wilson] had [several injuries] which constitute a 'severe impairment', but that he did not have an impairment *or combination of impairments* listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4." constitutes evidence that the ALJ considered the combined effects of Wilson's impairments). Pursuant to *Hutchison* and *Wilson*, the ALJ's finding at step three constitutes evidence that the ALJ adequately considered whether Claimant's cerebral palsy meets Listing 11.07D. *Hutchison*, 787 F.2d at 1463; *Wilson*, 284 F.3d at 1224-25. Accordingly, the Court finds that the ALJ did not err by failing to discuss the evidence supporting its finding that Claimant's cerebral palsy does not meet Listing 11.07D.

Further, the ALJ's finding is supported by substantial evidence. Dr. Osteen's treatment note, on which Claimant relies, does not support a finding that she meets or equals Listing 11.07D.[1]

---

[1] Claimant suggest that the ALJ also erred by not discussing Dr. Osteen's treatment note. Doc. No. 29 at 10. While the ALJ did not discuss Dr. Osteen's treatment note, any resultant error is harmless because the treatment note does not indicate that Claimant's cerebral palsy causes disorganized motor function in two or more of her extremities. R. 767. *See Torres v. Astrue*, 2012 WL 621707, at *2 (M.D. Ga. Feb. 2, 2012) ("harmless error doctrine essentially

While the treatment note indicates that Claimant "walks with an adducted scissoring-type gait, flat footed and up on her toes[,]" there is no indication that this is caused by cerebral palsy or that motor function is affected in both legs. R. 767. Viewing the treatment note in its entirety, the Court notes that it focuses on Claimant's right leg, indicating that she has "a history of cerebral palsy, more so in the right leg with some resultant spastic quadriplegia[.]" *Id.* Similarly, Dr. Haddock, who conducted a one-time examination of Claimant, noted that she had "a spastic, shuffling type of gait." but did not indicate that this is caused by cerebral palsy in two of her extremities. R. 650-52. Indeed, Dr. Haddock opined that Claimant is capable of performing sedentary work. R. 651. Overall, the evidence of record indicates that only Claimant's right leg experiences significant and persistent disorganization of motor function. *See, e.g.*, R. 647, 650-52, 767. As such, the Court finds that the ALJ's implicit finding that Claimant does not meet Listing 11.07D is supported by substantial evidence.

**B. Past Relevant Work.**

Claimant argues that the ALJ erred by finding that she could perform her past relevant work as a telephone solicitor because it is not clear whether that work constituted substantial gainful activity. Doc. No. 29 at 11-13. The Commissioner maintains that Claimant's work as a telephone solicitor in 2007 was a substantial gainful activity. Doc. No. 30 at 10-12.

A claimant is not disabled if he or she can return to his or her past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). To qualify as past relevant work, the work must have been done: 1) within the last fifteen (15) years; 2) long enough for the claimant to learn to do it; and 3) at a level

---

dictates that if remand for the correction of an error would not change the outcome . . . such error is deemed harmless."); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result.").

constituting substantial gainful activity. 20 C.F.R. § 416.965(a). Under the regulations, "substantial gainful activity" is "work activity that is both substantial and gainful." *See* 20 C.F.R. § 416.972. Substantial work activity is "work activity that involves doing significant physical or mental activities," and gainful work activity is work activity done "for pay or profit." *Id*. The regulations use earnings guidelines to assist in the determination of whether a claimant's past work was substantial gainful activity. *See Id*. at § 416.974(b). A claimant's work is presumed to be substantial gainful activity if his or her earnings exceed the average monthly income, as determined by the regulation's earnings guidelines, during the year in question. *Id*. at § 416.974(b)(2). When comparing a claimant's average monthly income to the earnings guidelines, the claimant's income is generally averaged over the actual period of work involved. SSR 83-35, 1983 WL 31257, at *1-3 (1983). Thus, for example, the earnings of a hypothetical claimant working from January 1982 to August 1982 are divided by eight (8) – the number of months actually worked – and not by twelve (12). *Id*. at *3.

At step four of the sequential evaluation process, the ALJ, having considered Claimant's earnings and testimony, found that Claimant's work as a telephone solicitor in 2007 constituted past relevant work because she "performed [it] at the substantial gainful activity level, within the past 15 years, and long enough to learn it." R. 28. Claimant argues that the record lacks sufficient evidence to support the ALJ's determination that her work as a telephone solicitor in 2007 was a substantial gainful activity. Doc. No. 29 at 11-13.[2] The Court disagrees.

Claimant's work as a telephone solicitor in 2007 is presumed to be substantial gainful activity if her earnings exceeded $900.00 per month. 20 C.F.R. § 416.974(b)(2)(ii). Claimant

---

[2] Claimant does not challenge the ALJ's finding that she worked as a telephone solicitor within the past fifteen (15) years or that she worked long enough to learn the job. *See* Doc. No. 29 at 11-13.

testified that she worked approximately four (4) to five (5) months as a telephone solicitor for Wyndham Vacations ("Wyndham") in 2007. R. 40, 43. While Claimant now attempts to cast doubt on her testimony (*see* Doc. No. 29 at 12), Wyndham completed a Supplemental Employer Questionnaire indicating that she worked there for nearly five months. R. 213.[3] During her employment with Wyndham, Claimant earned a total of $6,395.43. R. 129. Dividing Claimant's earnings by five (5) – the number of months Claimant worked at Wyndham – reveals that Claimant earned an average of $1,279.08 per month. Accordingly, the ALJ's determination that Claimant's work as a telephone solicitor was a substantial gainful activity is supported by substantial evidence, and, therefore, the ALJ properly determined that Claimant's work as a telephone solicitor constituted past relevant work.

### C. Credibility.

In the Eleventh Circuit, subjective complaints of pain are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms. By this standard, there must be: 1) evidence of an underlying medical condition and either 2) objective medical evidence that confirms the severity of the alleged symptom arising from the condition or 3) evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). "20 C.F.R. § 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of

---

[3] Specifically, Wyndham indicated that Claimant worked there between April 16, 2007 and September 7, 2007. R. 213.

disability." *Foote*, 67 F.3d at 1561; 20 C.F.R. § 404.1529.[4]  Thus, once the pain standard is satisfied, the issue becomes one of credibility.

A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Foote*, 67 F.3d at 1561. "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Id*. at 1561-62; *see also* SSR 96-7p, 1996 WL 374186, at *2 ("It is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'"). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d at 1562. The lack of a sufficiently explicit credibility finding may give grounds for a remand if the credibility is critical to the outcome of the case. *Id*.

Claimant contends that the ALJ's credibility determination is encompassed in the following excerpt:

> After careful consideration of the evidence, the [ALJ] finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's

---

[4] Social Security Ruling 96-7p provides: "2. When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities. This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.

3. Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.

4. In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." SSR 96-7p, 1996 WL 374186, at *1 (1996).

> statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

Doc. No. 29 at 14 (citing R. 26). Claimant argues that this "boiler plate type language" does not sufficiently articulate reasons for discrediting her testimony, and thus remand in necessary. *Id*. at 14-15.

The ALJ's credibility finding was not limited to the above paragraph. Immediately following that paragraph, the ALJ provided a detailed explanation as to why she found Claimant's testimony only partially credible. R. 26-7. For example, the ALJ found:

> The claimant's alleged functional limitations are not fully supported by her medical records documenting normal findings on musculoskeletal examination including within normal range muscle strength, full range of motion of the lumbar spine and ability to ambulate without assistance despite diagnostic findings of lumbar disc degeneration.

R. 26. The ALJ found additional inconsistencies between Claimant's subjective complaints and her medical records and testimony. R. 26-7. Claimant does not challenge the substantive basis for the ALJ's credibility finding. *See* Doc. No. 29 at 13-15. The Court finds that the ALJ did articulate good cause for discrediting Claimant's testimony and that her reasons are supported by substantial evidence. *See Foote*, 67 F.3d at 1561-62 (reviewing court will not disturb credibility finding with sufficient evidentiary support).

### III.   CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment in favor of the Commissioner and to close the case.

**DONE** and **ORDERED** in Orlando, Florida on August 29, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Julia A. Terry
Administrative Law Judge
c/o Office of Disability Adjudication and Review
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801